57 CCPA

**FRICKS' FOODS, INC., Appellant,**

v.

**The MAR–GOLD CORPORATION, Appellee.**

**Patent Appeal No. 8195.**

United States Court of Customs and Patent Appeals.

Nov. 20, 1969.

mark Trial and Appeal Board holding that appellant's mark "MARGELO"[2] so resembles opposer-appellee's previously used mark "MAR-GOLD" as to be likely to cause confusion or mistake, within the purview of section 2(d) of the Trademark Act of 1946, as amended (15 U.S.C. § 1052(d)).

The record reveals that appellee is engaged in the business of manufacturing and selling margarine. It is the owner of a registration[3] disclosing MAR-GOLD in association with a design. Since 1948 the design presented on a shield with the letters MG has been used in association with the word mark MAR-GOLD. Appellee sells its margarine product through wholesalers, who in turn sell to retailers and grocery chain outlets. During the period embracing 1962 through 1965, appellee sold 8,619,000 pounds of margarine in containers bearing MAR-GOLD, representing a value of $2,154,750. The product has been extensively advertised under the mark MAR-GOLD, per se and in association with the design, in newspapers, magazines, newspaper supplements, radio, television, and signs displayed on public transportation buses. During the three years immediately preceding the proceedings below, expenditures for such advertising exceeded $36,000.

Appellant's product, which is manufactured for it, is liquid margarine which it sells in the same trading area and through retail grocery stores, as does appellee.

There is no basis for dispute that the goods of the parties are both oleomargarines, manufactured, advertised, sold and used for the same end purpose. Priority clearly resides with appellee, which is conceded by appellant. The only question is whether appellant's mark so resembles that of appellee as to be likely to cause confusion or mistake or deception.

Stanford W. Berman, Washington, D. C., attorney of record, for appellant.

Mason, Fenwick & Lawrence, Edward G. Fenwick, Jr., Washington, D. C., for appellee.

Before RICH, Acting Chief Judge, MATTHEWS, Judge, sitting by designation, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

Fricks' Foods, Inc., applicant below, appeals from the decision[1] of the Trade-

1. Board opinion abstracted 153 USPQ 880.

2. Application No. 207,033 filed November 27, 1964.

3. Registration No. 585,929, registered February 23, 1954.

Appellant contends that the single term MAR-GOLD does not of itself constitute appellee's mark but that appellee's mark in fact comprises MAR-GOLD, MG, and a crown or shield design with the only similarity between the marks residing in the commonly used prefix "Mar."

The record, however, supports the finding of the board that while appellee has used MAR-GOLD in close association with the shield design bearing the letters MG, it has also extensively used MAR-GOLD on its packaging separately from the shield design; that it has advertised its product as MAR-GOLD and as used presently and in the past a separable commercial impression for MAR-GOLD has been created and thus appellee has rights in MAR-GOLD, per se, created by use and is entitled to rely thereon.

■ Seeking to raise the issue of estoppel, appellant contended below that since appellee, when obtaining its registration, had asserted that MARIGOLD, a registration for deodorized and processed edible vegetable oil, was not confusingly similar to its mark, it could not take the position here that appellant's mark is confusingly similar to MAR-GOLD. Although appellant does not actively pursue that argument here, we point out that we are unable to say that appellee's position here is inherently inconsistent vis-a-vis the MARIGOLD registration. We therefore agree with the board that it is not such as to justify the invocation of the principle of estoppel in the instant proceedings.

In sustaining the opposition and refusing registration to applicant-appellant, the board stated:

While it may well be that "MAR" is a common prefix for marks applied to margarines, we must nevertheless compare the marks in their entireties.

Applicant's mark is an arbitrary designation and may be pronounced in more than one way. If the "g" in "MARGELO" is given a hard sound, it then substantially resembles "MAR-GOLD" in sound. There is also some resemblance in appearance between these marks. It is our opinion that the applicant's mark does so resemble the opposer's previously used mark "MAR-GOLD" as to be likely to cause confusion or mistake.

■ We have carefully reviewed the record and considered the briefs and arguments of counsel and while resolution of the issue posed is not free from doubt, we are not persuaded of error in the decision of the board. Appelleee has proven prior and extensive use of its MAR-GOLD mark and shown substantive sales prior to appellant's first use of the term MARGELO. The products of the parties are identical and respond to the same purposes. The respective products are in direct competition and are sought and purchased by the same purchasing public. While there is no requirement of actual confusion in order to establish a likelihood of confusion, yet there is testimony of record here tending to show a degree of actual confusion among prospective customers. It is well settled that any doubt as to likelihood of confusion should be resolved against the newcomer.

We, accordingly, affirm the decision of the board.

Affirmed.